UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH A. FORTIN,

                Plaintiff,                      Case Number 18-10187
                                                      Honorable David M. Lawson
v.                                          Magistrate Judge Elizabeth A. Stafford

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____/

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

Plaintiff Joseph A. Fortin moves the Court for an order awarding attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Fortin appealed the Commissioner's denial of his request for disability benefits under Title II of the Social Security Act. After filing a complaint and motion for summary judgment before this Court, he filed a supplemental brief arguing that the administrative law judge (ALJ) that decided his case had not been appointed consistently with the Appointments Clause of the constitution. U.S. Const. art. II, § 2, cl. 2. The Commissioner opposed that argument, contending that Fortin forfeited the issue by failing to raise it before the agency. The magistrate judge agreed with Fortin and, although she found the ALJ's decision sound on the merits, recommended that the Court remand the case for a rehearing before a properly appointed ALJ. The Court disagreed, held that Fortin forfeited his Appointment's Clause argument, and affirmed the findings of the Commissioner. Fortin appealed that decision.

At the time, no appellate court had issued a decision on the forfeitability of an Appointments Clause challenge, but the vast majority of district courts agreed with the Commissioner's position. Appellate courts began addressing the issue in 2020, which quickly resulted in a circuit split. In September 2020, the Sixth Circuit ruled in Fortin's favor and held

that Social Security claimants may raise Appointment Clause challenges before federal courts without first raising them before the agency.  The Supreme Court adopted that same position in early 2021.

Fortin now seeks attorney fees under the EAJA because he was a prevailing party. However, to receive an award under that statute, Fortin must demonstrate that the Commissioner's position was not substantially justified.  The record amply shows that the Commissioner's argument was reasonable, as demonstrated by the plethora of decisional law from both district and appellate courts adopting the Commissioner's position.  The motion for attorney's fees under the EAJA will be denied.

## I.

On September 28, 2016, an ALJ denied Joseph Fortin's request for disability income benefits under Title II of the Social Security Act.  The Appeals Counsel denied Fortin's request for review of the ALJ's decision on November 28, 2017.  Fortin then filed a complaint seeking judicial review of the denial of his requested benefits.  The case was referred to United States Magistrate Judge Elizabeth A. Stafford pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3).  Both parties filed motions for summary judgment in mid-2018.  While the motions were pending, the Supreme Court decided *Lucia v. Securities and Exchange Commission*, which held that administrative law judges working for the Securities and Exchange Commission are "inferior officers," who must be appointed under the Appointments Clause of the United States constitution.  --- U.S ---, 138 S. Ct. 2044, 254-55 (2018); U.S. Const. art. II, § 2, cl. 2.  Based on that decision, Fortin supplemented his motion for summary judgment on September 28, 2018, arguing that the administrative law judge who decided the case was not properly appointed under the Appointments Clause.  On October 4, 2018, the Commissioner responded that Fortin forfeited

his argument because he failed to raise the issue at the administrative level.  When the Commissioner raised this argument, neither the Sixth Circuit nor the Supreme Court had opined whether forfeiture was a valid defense for the Commissioner under these circumstances, and the issue was a close question of unsettled law.

The magistrate judge agreed with Fortin and on February 1, 2019 issued a report on the parties' cross motions for summary judgment, recommending that the Court grant Fortin's motion and deny the Commissioner's motion.  However, the magistrate judge agreed with the Commissioner on the merits that the ALJ properly evaluated the medical opinion evidence, considered the side-effects of Fortin's medication, and assessed Fortin's residual functional capacity.

Both parties objected to the report.  The Commissioner reiterated that Fortin forfeited his Appointments Clause argument by failing to raise it before the agency.   The Court agreed with the Commissioner and sustained his objections, overruled Fortin's objections (which were focused on the merits), adopted in part and rejected in part the magistrate judge's report, denied Fortin's motion for summary judgment, granted the Commissioner's motion for summary judgment, and affirmed the findings of the Commissioner.

Fortin appealed the decision on May 25, 2019, and the Sixth Circuit consolidated his case with four others presenting the same Appointment Clause forfeiture issue.  While Fortin's case was pending, several appellate courts ruled on the forfeiture issue beginning in early 2020.  The Third Circuit issued the first decision in January 2020, in which it held that claimants may challenge the constitutionality of a Social Security administrative law judge's appointment for the first time in federal court.  *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020).  The Eighth and Tenth Circuits arrived at the opposite conclusion later that year.  *Davis v. Saul*, 963

F.3d 790, 793 (8th Cir. 2020); *Carr v. Comm'r of Soc. Sec.,* 961 F.3d 1267, 1268 (10th Cir. 2020).

On September 1, 2020, the Sixth Circuit joined the Third Circuit and held in a 2-1 decision that "a

claimant does not forfeit an Appointments Clause challenge in a Social Security proceeding by

failing to raise that claim before the agency." *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547

(6th Cir. 2020). Judge Siler wrote a dissenting opinion, explaining that he would have held that

claimants in Social Security appeals must assert objections to the presiding ALJ "at or before the

time of the ALJ hearing" to "promot[e] both judicial and agency efficiency" and prevent claimants

from getting "two bites at the apple." *Id.* at 547-48. The Fourth Circuit joined the Third and Sixth

Circuit's position in November 2020. *Probs v. Saul*, 980 F.3d 1015 (4th Cir. 2020).

On January 29, 2021, the Commissioner filed a petition for a writ of *certiorari* in *Ramsey*.

But on April 22, 2021, the Supreme Court resolved the issue, finding that claimants did not forfeit

their Appointment Clause challenges by failing to raise them at the administrative level. *Carr v.*

*Saul*, --- U.S.---, 141 S. Ct. 1352, 1356 (2021). After the Supreme Court's decision, Fortin moved

the Sixth Circuit to remand this case to the district court and issue the mandate. The Sixth Circuit

granted Fortin's motion, which the Commissioner did not oppose.

On May 28, 2021, the Court remanded the case to the Commissioner for a new hearing

before a properly appointed ALJ. After unsuccessfully attempting to negotiate an attorney's fee

award, Fortin filed the present motion for attorney's fees under the Equal Access to Justice Act on

July 20, 2021, seeking fees in the amount of $27,704.55 and expenses in the amount of $400,

representing about 145.05 hours of work at a rate of $191.00 per hour.

## II.

A party who prevails against the United States in a civil case may recover attorney's fees

"unless the court finds that the position of the United States was substantially justified or that

special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A); *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014) (citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006)).  A position is "substantially justified" if "a reasonable person could think it correct" and "it has a reasonable basis in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).  "While 'objective indicia' of reasonableness — such as a dissenting opinion, the views of other courts, 'a string of losses', or a 'string of successes' — may be relevant, it is 'the actual merits of the Government's litigating position' that matter most."  *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (quoting *United States ex rel. Wall v. Circle C Constr., LLC*, 868 F.3d 466, 471 (6th Cir. 2017)).  Because the Court must consider the government's position "as a whole," A*mezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016), it must evaluate the government's position before and during litigation, *Griffith*, 987 F.3d at 564.

The parties here do not dispute that Fortin prevailed on the Appointments Clause issue. Fortin argues, therefore, that he is entitled to fees because the Commissioner's position was not substantially justified because the government's forfeiture argument was novel and not supported by law when it was raised.  He also insists that there are no special circumstances that make his requested award unjust.  The government disagrees, contending that its forfeiture argument was supported by long-standing general principles.

A.

Fortin first asserts (ironically) that the Commissioner waived the agency's only viable affirmative defense — the special circumstances defense.  The special circumstance defense, which is distinct from the substantial justification defense, allows the government to pursue novel but credible extensions of the law.  *DeLong*, 748 F.3d at 725; *Brinker v. Guiffrida*, 798 F.2d 661, 663, 664 (3d Cir. 1986) ("The legislative history suggests that this provision is a 'safety valve' to

protect the government's good faith advancement of 'novel but credible extensions and interpretations of the law.'"). Because the Commissioner raised a substantial justification defense only, says Fortin, the agency waived any special circumstances defense it may have had. *Ibid.* According to Fortin, the Commissioner sought to expand the law; therefore, only the special circumstances defense is viable, and the Court should disregard the Commissioner's arguments because the Commissioner did not raise them properly.

The problem with Fortin's argument is that the Court expressly found that "this issue is not novel," that it had "come up in dozens of Social Security cases" throughout the course of Fortin's litigation, and that "district courts across the country 'overwhelmingly' have endorsed the Commissioner's position." *Fortin v. Comm'r of Soc. Sec.*, 372 F. Supp. 3d 558, 563 (E.D. Mich. 2019), *rev'd by Ramsey*, 973 F.3d 537; *see also Montoya v. Kijakazi*, No. 19-0027, 2021 WL 3602427, at * (D.N.M. July 20, 2021) ("The Appointments Clause argument itself was being litigated in various other cases in this district and at the circuit level; as such, counsel was not presenting it as a novel argument for the first time in this case."). This issue is hardly about a novel extension of the law, and the Commissioner properly framed it as a substantial justification inquiry. The proper question here is whether the Commissioner's decision to deny Fortin's benefits, and to defend the denial, was substantially justified.

B.

The Commissioner's position was substantially justified during Fortin's proceedings before the agency. For starters, it is undisputed that Fortin never raised the issue at any point during the agency proceedings. And he has not identified any authority for the proposition that the Commissioner had a duty to raise the Appointments Clause issue on its own or that the ALJ needed to address the issue before conducting the proceeding. *See Rich v. Comm'r of Soc. Sec*

*Admin*, 477 F. Supp. 3d 388, 394 (E.D. Penn. 2020) ("We see no support imposing a *sua sponte* obligation on the Commissioner to raise Appointments Clause challenges.")

More importantly, the timeline of events supports the government's position.  Fortin's proceedings before the agency concluded in late 2017; the ALJ denied his benefits request in September 2016, and his appeal was denied in November 2017.  The Supreme Court decided *Lucia* months later, on June 21, 2018, holding that administrative law judges in the Securities Exchange Commission must be appointed consistent with the Appointments Clause.  138 S. Ct. at 2054-55.  Therefore, by the time Fortin lost at the agency level, "the constitutional appointment status of Social Security administrative law judges had not been declared," and the Commissioner is not expected nor required "to predict how the judiciary will interpret the Constitution in conducting administrative proceedings among varied interpretations."  *Rich*, 477 F. Supp. 3d at 394 (citations omitted) (finding that Commissioner's forfeiture position, which eventually was rejected by the Third Circuit and Supreme Court, was substantially justified at the time).  Moreover, there was, and still is, a long-standing principle that a litigant who does not timely raise an argument before an administrative agency forfeits that argument.  *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952); *Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012); *Jones Bros., Inc. v. Sec'y of Labor*, 898 F.3d 669, 677 (6th Cir. 2018) (finding Appointments Clause challenge forfeited but excusing forfeiture based on specific statutory scheme).

Fortin disagrees.  Citing *Sims v. Apfel*, 530 U.S. 103 (2000), he argues the law at the time clearly established that he had no obligation to raise issues to the Appeals Counsel to preserve them for judicial review.  He further accuses the Commissioner of violating agency regulations that require hearings be informal and non-adversarial, citing 20 C.F.R. §§ 404.900(b); 416.1400(b).  It is true that the Supreme Court held in *Sims* that "a claimant pursuing judicial

review has [not] waived any issues that he did not include in [his or her] request" for review by the Appeals Council. *Id.* at 105. But that proposition was not nearly as well established in the Appointments Clause context as Fortin contends. This Court previously identified three reasons why.

First, the issues that the *Sims* case raised on judicial review concerned the ALJ's disposition of the evidentiary material before them, not the authority of the decisionmaker, and therefore the forfeiture question arose in a "vastly different substantive and procedural setting." *Fortin*, 372 F. Supp. 3d at 565. The Court found that "where the challenge is to the structural integrity of the process itself, the adversarial nature of the litigation, [as opposed to the informal nature prescribed by agency's regulations] reemerges." *Ibid*. Second, the *Sims* Court addressed the exhaustion issue at the administrative appeal level; it "specifically did not consider the wisdom of requiring issue exhaustion at the ALJ level, nor did it furnish a justification for departing from the general rule requiring it." *Ibid*. "Third, the *Sims* claimant presented issues to the district court for judicial review that the Appeals Council naturally would have had to consider in making its 'inquisitorial' disability determination." *Ibid*. Although nothing in *Sims* tied the application of the issue-exhaustion rule to the nature of the issues raised, this Court found that it established an exception to an "ordinary principle[] of administrative law," *Sims*, 530 U.S. at 114 (Breyer, J., dissenting), that deserved some measure of justification, which was lacking, *Fortin*, 372 F. Supp. 3d at 565. The Court's decision on this point was not anomalous; before the Supreme Court issued its decision in *Carr*, "nearly every court to address the issue in the context of the Social Security Administration . . . has summarily denied the claim . . . , citing a claimant's forfeiture by failing to first raise the claim before the ALJ." *Gothard v. Comm'r of Social Sec.*, No. 17-13638, 2019 WL 396785, at *4 n.4 (E.D. Mich. Jan. 31, 2019) (collecting cases).

The Commissioner's decision not to raise an unestablished issue on its own initiative at the agency level therefore was substantially justified.

C.

The Commissioner had a reasonable basis in law for arguing that Fortin forfeited his Appointments Clause challenge. When the parties briefed this issue before the Court in late 2018, it had not been addressed by any appellate courts. The same is true when the parties filed their briefs on appeal in late 2019. However, before and after Fortin appealed the Court's decision, "the vast majority of district courts," including this Court, had ruled in the Commissioner's favor, finding that claimants forfeited their potential Appointments Clause challenges by failing to raise them before the agency. *Mikarovski v. Saul*, No. 18-90, 2019 WL 8112167, at *9 n.9 (N.D. Iowa Dec. 30, 2019), *R. & R. adopted*, 2020 WL 362639 (N.D. Iowa Jan. 21, 2020); *Fortin*, 372 F. Supp. 3d at 567-68 (collecting cases). While the case was pending before the Sixth Circuit, several courts of appeals began addressing the issue, which quickly developed into a circuit split. By the time the Sixth Circuit ruled in favor of Fortin in September 2020, *Ramsey*, 973 F.3d at 547, the Third Circuit had supported Fortin's position, *Cirko*, 948 F.3d at 152, but the Eighth and Tenth Circuits ruled in favor of the Commissioner, *Davis v. Saul*, 963 F.3d at 793; *Carr,* 961 F.3d at 1268. Thus, it is evident that the Commissioner relied on numerous cases that weighed in favor of its forfeiture position.

Although not necessarily dispositive, the Supreme Court noted that a "string of successes" is strong support for the reasonableness of the government's position. *Pierce*, 487 U.S. at 569. And in other contexts, the Sixth Circuit has found the government's position substantially justified where it had been accepted by other courts. *Younger for Younger v. Sec'y of Health & Human Servs.*, 910 F.2d 319, 321 (6th Cir. 1990) ("While a panel of this Court ultimately determined that

- 9 -

the Secretary's legal conclusions were not correct, they were not out of line with prior decisions that had been affirmed by other courts."). Additionally, the Sixth Circuit recently noted that a dissenting opinion is relevant to whether the government's position is substantially justified. *Griffith,* 987 F.3d at 562-63. Judge Siler filed a dissenting opinion in *Ramsey*. 973 F.3d at 547-58. The extensive authority supporting the Commissioner's position before it was ultimately rejected shows that the agency took a reasonable position on an unsettled question of law.

Not only was the Commissioner's position supported by "a string of successes," *Pierce*, 487 U.S. at 569, but the agency's "litigating position" itself was reasonable, *Griffith*, 987 F.3d at 563. Courts have found that "[r]egularly permitting unsuccessful claimants to raise Appointments Clause challenges for the first time on judicial review, especially when the arguments underlying those challenges were available at the administrative level, would 'encourage the practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the [adjudicative entity] pursue a certain course, and later — if the outcome is unfavorable — claiming that the course followed was reversible error.'" *Abbington v. Berryhill,* No. 17-00552, 2018 WL 6571208, at *7 (S.D. Ala. Dec. 13, 2018) (quoting *Freytag v. Comm'r of Internal Revenue*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring in part and concurrent in the judgment)).

Although the forfeiture position ultimately failed, it was not so off base that a reasonable person could not "think it correct." *Pierce*, 487 U.S. at 566 n.2. The Commissioner identified several decisions, including one within this circuit, holding that the Commissioner's forfeiture position was substantially justified. *Rager v. Saul*, No. 19-00140, 2021 WL 374477, at *2 (W.D. Ky. Feb. 3, 2021); *Rich*, 477 F. Supp. 3d at 393-98; *Hines v. Comm'r of Soc. Sec.*, No. 18-16037 (SRC), 2020 WL 3396801, at *1-3 (D.N.J. June 18, 2020).

D.

Citing the Sixth Circuit's rejection of the Commissioner's argument and the Supreme Court's 9-0 decision against the Commissioner — "the most resounding defeat imaginable" — Fortin insists that the Commissioner's position was completely baseless and misled the Court. Reply ECF No. 47, PageID.956 (citing *Carr*, 141 S. Ct. 1352).  But there is no evidence that the government deliberately misled "[t]he vast majority of district courts," including this Court. *Mikarovski*, 2019 WL 8112167, at *9 n.9.  Rather, it is clear that at the time the Commissioner raised this argument, the issue was unsettled, and a significant amount of decisional authority supported the agency's view.  And although the Supreme Court had issued its decision in *Lucia* when the Commissioner litigated before this Court and the Sixth Circuit, the case did not address the question of administrative forfeiture presented in this case. *Lucia*, 138 S. Ct at 2049.  To the contrary, *Lucia* noted the need to "timely" raise challenges under the Appointments Clause.  138 S. Ct. at 2055.  All Fortin has shown, therefore, is that the Commissioner took a position in an unsettled legal landscape that persuaded many district courts and two circuit courts, but not the Supreme Court.   And as soon as the Supreme Court rendered its decision in *Carr*, the Commissioner fell in line and did not oppose Fortin's motion to remand the case.

E.

Fortin next argues that the Commissioner's position cannot be justified as a matter of law because the agency violated Fortin's constitutional rights. *Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994); *see also Morgan v. Perry*, 142 F.3d 670 (3d Cir. 1998) (stating that "in the usual case, a constitutional violation will preclude a finding that the government's conduct was substantially justified.").  Those cases are inapposite.  First, both cases address due process violations, not violations of the Appointments Clause.  *Yang*, 22 F.3d at 217 ("The Secretary violated [the

- 11 -

plaintiff's] due process rights by not making the determination based on evidence adduced at the hearing."); *Morgan*, 142 F.3d at 684 (holding that the Deputy Staff Judge Advocate's "conduct during the week preceding the scheduled court-martial violated [the plaintiff's] Fifth Amendment procedural due process rights").  Second, they do not establish a bright-line rule; despite a due process violation, the Third Circuit in *Morgan* nevertheless found the government's position substantially justified.  *Morgan*, 142 F.3d at 690.  Third, the Commissioner's position does not endorse a violation of Fortin's constitutional rights; rather, the Commissioner simply argued that Fortin did not raise his Appointments Clause argument in a timely manner.

F.

Next, Fortin contends that the Commissioner violated the agency's own policies in asserting its forfeiture position.  He identifies three such policies.  First, Fortin cites an updated emergency message issued by the SSA's Office of Hearings Operations on August 6, 2018, about two years after the ALJ denied Fortin's request for benefits, which supposedly demonstrates that ALJs are powerless to adjudicate Appointment Clause challenges to their authority.  The message directed ALJs who are or have been presented with Appointments Clause challenges after July 16, 2018 — the date on which the Acting Commissioner ratified the appointment of ALJs by approving the appointments as her own to cure any constitutional error — only to respond orally at the hearing that "the hearing decision will acknowledge that the argument was raised" and to acknowledge in the written determination that the ratification of the ALJ's appointment renders the argument meritless.  *See Social Security Administration EM-18003 REV 2*, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—UPDATE.  If the challenge was raised before July 16, 2018,

however, the message indicated that the challenge was "acknowledged in the record and entered into the agency's case processing systems for any necessary action." *Ibid*.

This Court already addressed this policy statement, finding that the Supreme Court offered good reasons why a seemingly rigid agency policy against a litigant's position should not exclude the requirement to raise objections at the administrative level. *See L.A. Tucker*, 344 U.S. at 37 ("Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice."). Moreover, *Jones Brothers, Incorporated v. Secretary of Labor*, 898 F.3d 669 (6th Cir. 2018), decided about one month after *Lucia*, supports the conclusion that Social Security ALJs have the power to resolve Appointments Clause claims. The court explained that ALJs have the power to decide as-applied challenges to their appointments, but they cannot adjudicate facial challenges. *See id.* at 674-75. It found no exception to the general rule that "[a]dministrative exhaustion is thus typically required so long as there is 'the possibility of some relief for the action complained of,' even if it is not the petitioner's preferred remedy." *Id*. at 676 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)).

Second, Fortin points to Social Security Ruling 19-1p (effective March 15, 2019), which was intended to grant relief to any claimant who "(1) timely requests Appeals Council review of an ALJ's decision or dismissal issued before July 16, 2018 [the date the Commissioner ratified the appointments]; and (2) raises before [the agency] (either at the Appeals Council level, or previously had raised at the ALJ level) a challenge under the Appointments Clause to the authority of the ALJ who issued the decision or dismissal in the case." SSR 19-1p, 2019 WL 1324866. According to Fortin, then, the agency's policy statement, which was both prospective and

retrospective in effect and held that a claimant never need raise an Appointment Clause challenge before an ALJ to receive relief on that issue, contrasted with the agency's litigation position and therefore rendered the position unjustified.

However, at least one court rejected this exact argument in ruling that the Commissioner's forfeiture position was substantially justified. *Dove-Ridgeway v. Saul*, No. 19-00035, 2021 WL 1827206, at *6 n.61 (D. Del. May 7, 2021) ("The court disagrees because plaintiff's assertion is not a clearly settled legal principle articulated consistently by the courts, and plaintiff cites no cases establishing it as such.") (citations omitted). Moreover, there was a reasonable basis for disagreement with Fortin at the time, as Ruling 19-1p "still requires the claimant to have raised the Appointments Clause challenge [at some point] during administrative proceedings, which [Fortin] did not do." *See Linda B. v. Comm'r of Soc. Sec.*, 2020 WL 9936686, at *7 (N.D. Ga., Sept. 17, 2020).

Third, Fortin cites a letter from the Social Security Administration's General Counsel, Arthur J. Fried, NOSSCR Executive Director of the National Organization of Social Security Claimants' Representatives (NOSSCR), Nancy G. Shor. Fried Letter, ECF No. 47-1. In his letter, Fried expressed his belief that "the administrative waiver rule helps to promote better service to disability claimants" but that the rule "must, at times, be limited to avoid possible injustice." *Id.* at PageID.971. He indicated that he will "redouble [the agency's] efforts to ensure that [its] litigators" "do not rely exclusively on the [waiver] rule, without a substantive response to the particular challenges raised by the plaintiffs." *Ibid.* Fortin argues that the Commissioner violated this policy when the agency exclusively opposed Fortin's Appointments Clause argument by raising a forfeiture argument. However, Fortin does not cite any authority indicating that this letter had been formalized as an official agency policy, as opposed to an aspirational goal. Nor has he

cited any authority indicating that the violation of an informal policy alone could strip a contrary position of its reasonable basis in law and fact, particularly where that contrary position has been approved widely by various federal courts.

G.

Finally, Fortin argues that the Commissioner ignored published decisions that ruled against the agency on this exact issue. *See Byrd v. Saul*, 469 F.Supp.3d 351 (E.D. Pa. 2020) (finding a lack of substantial justification with respect to agency's litigation position in light of the Supreme Court's holding in *Sims*); *Armstrong v. Saul*, 465 F.Supp.3d 486 (E.D. Pa. 2020) (finding a lack of substantial justification with respect to SSA's pre-litigation position because there was no exhaustion prerequisite for judicial review in Social Security cases, and the fact that the agency had no litigation position because the plaintiff did not raise the issue did not constitute substantial justification); *Howard v. Saul*, No. 19-2262, 2020 WL 3288186 (E.D. Pa. Jun. 18, 2020) (same). However, as mentioned above, the agency has cited a numerous published and unpublished decisions supporting its substantial justification argument from various district courts, one of which is from a court in this circuit. *Rager*, 2021 WL 374477, at *2 (W.D. Ky. Feb. 3, 2021); *Rich*, 477 F. Supp. 3d at 393-98 (E.D. Pa. 2020); *Hines*, 2020 WL 3396801, at *3 (D.N.J. June 18, 2020).

It appears that Fortin cited the only three cases in which courts found the Commissioner's position not substantially justified. But there is much more support for the proposition that the Commissioner's position was substantially justified both before and during litigation. *See, e.g.*, *Lenz v. Saul*, No. 19-489, 2021 WL 2515167, at *3 (E.D. Pa. Jun. 18, 2021) (noting a "solid consensus" of decisions finding the Commissioner substantially justified in pursuing an Appointments Clause argument until the Third Circuit foreclosed the argument); *see also Leoone*

*v. Comm'r of Soc. Sec.*, No. 19-245, 2021 WL 3732914, at *2-3 (M.D. Fla. Aug. 24, 2021);

*McCary-Banister v. Saul*, No. 19-00782, 2021 WL 3494606, at *2-3 (W.D. Tex. Aug. 9, 2021);

*Dewonkiee L.B. v. Comm'r of Soc. Sec.*, 2021 WL 3417842, at *3-4 (N.D.N.Y. Aug. 5, 2021);

*Dove-Ridgeway*, 2021 WL 1827206, at *4-6  (D. Del. May 7, 2021); *Hoover v. Saul*, 485 F. Supp.

3d 538, 543 (M.D. Pa. 2020); *Flynn v. Saul*, No. 19-0058, 2021 WL 2577146, at *4-5 (E.D. Pa.

Jun. 22, 2021); *Hayes v. Saul*, No. 17-5225, 2020 WL 5993504, at *2-5 (E.D. Pa. Oct. 9, 2020)

(Sánchez, C.J.);  *Diaz v. Comm'r of Soc. Sec.*, No. 18-5075, 2020 WL 3127941, at *2-3 (E.D. Pa.

Jun. 12, 2020) (Sánchez, C.J.);  *Brink v. Saul*, No. 19-2350, 2020 WL 4674116, *304 (E.D. Pa.

Aug. 12, 2020); *Marant v. Saul*, No. 18-4832, 2020 WL 3402416, at *3-6 (E.D. Pa. June 19, 2020);

*Lebron-Torres v. Comm'r of Soc. Sec.*, No. 18-1212, 2020 WL 3488424, at *3 (E.D. Pa. Jun. 26,

2020); *McNeish v. Saul*, No. 18-582, 2020 WL 4060322, at *3-6 (E.D. Pa. July 20, 2020); *Holmes*

*v. Berryhill*, No. 19-784, 2020 WL 2126787, at *2-3 (E.D. Pa. May 4, 2020); *Cortese v. Comm'r*

*of Soc. Sec.*, No. 18-3437, 2020 WL 2745741, at *406 (E.D. Pa. May 27, 2020).

III.

The Commissioner raised a reasonable argument — that the plaintiff forfeited his

Appointment Clause argument by failing to raise it before the ALJ — that had been accepted by

many district courts across the nation as well as two circuit courts and one dissenting Sixth Circuit

judge.  Although its position was ultimately rejected by the Sixth Circuit's majority and the

Supreme Court, it nevertheless was substantially justified.

Accordingly, it is **ORDERED** that the plaintiff's motion for attorney's fees under the

Equal Access to Justice Act (ECF No. 48) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
Date:   April 11, 2022                                          United States District Judge

- 16 -